UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Payton, #251272, | ) C/A No. 3:09-3132-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Henry D. McMaster; | ) |
| Mr. Jon E. Ozmint, Director, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at Tyger River Correctional Institution, serving a sentence on a 1998 drug-related conviction entered in Anderson County, South Carolina. In the Complaint filed in this case, Plaintiff asserts numerous reasons why he believes his criminal convictions should be "reversed and remanded back to the low court." He claims that there were certain evidentiary problems and ineffective assistance of counsel in his Anderson County criminal case. Several of the grounds for the requested reversal alleged in the Complaint were also raised and unsuccessfully urged as grounds for federal habeas corpus relief in *Payton v. White*, Civil Action No. 3:06-1787-CMC-JRM. This Court decided Plaintiff's habeas case on the merits and in favor of the Respondent. In other words, in his habeas case, this Court considered, but rejected, several of the same claims of unconstitutionality that Plaintiff attempts to re-argue in this case through means of a Complaint raising claims under § 1983. Because such an attempted re-litigation of issues going to the underlying validity of Plaintiff's criminal conviction and sentence is inappropriate, as stated below, this case is subject

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

to summary dismissal.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with

state criminal charges,[2] the Court stated:

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.[4]

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). The limitations period for such a post-trial civil rights action will not

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

[3] *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

[4] *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (Former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was cognizable; prisoner was not eligible for habeas relief since his sentence had expired and he would be left without any access to federal court to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).

begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. at 1097-98; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994). However, since this case involves an already completed criminal trial and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls.

As stated above, Plaintiff has unsuccessfully pursued an initial § 2254 petition in this Court in which some of the same allegations of unconstitutionality made in the Complaint filed in this case were made. It does not appear that this Court's decision in Civil Action No. 3:06-1787-CMC-JRM was appealed to the Fourth Circuit Court of Appeal, thus it remains fully in effect. Since Plaintiff has not been successful in having his 1998 Anderson County conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue either of the Defendants based on their involvement in his prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to both Defendants without issuance of service of process.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing,

district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

December 30, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).